**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| VICTOR L. RAMOS,<br>    *Plaintiff*,<br><br>v.<br><br>TIFFANY, et al.,<br>    *Defendants.* | No. 3:22cv1067 (OAW) |

**INITIAL REVIEW ORDER**

The plaintiff, Victor Ramos, who was formerly incarcerated at the Bureau of Prisons ("BOP") Allenwood Penitentiary, filed this civil rights action against three employees at the Drapelick Center ("Center") where Plaintiff was placed after he completed his term of incarceration. Compl., ECF No. 1. He asserts that Defendants Tiffany (Head of the Center), Randy (a Center Supervisor), and John Doe (a Center employee) violated his rights under the Constitution of the United States, the Constitution of Connecticut, and state tort law. He seeks damages against Defendants in their individual capacities. The court has thoroughly reviewed all factual allegations contained in the complaint and is thoroughly advised in the premises. For the reasons discussed herein, the complaint is **DISMISSED.**

**I.    BACKGROUND**[1]

On March 4, 2021, Plaintiff was released from his federal incarceration after having served 102 months at BOP's Allenwood Penitentiary and was sent to the Center, which he describes as a federal halfway house. Plaintiff alleges that he made a sexual

---

[1] All facts stated in this section are restated as alleged in the complaint.

harassment complaint to Tiffany after John Doe called his personal telephone number and told him that he was the "best looking" of the inmates. Plaintiff wrote a statement against John Doe that both he and Tiffany signed.

Although Tiffany shifted John Doe's work schedule, Plaintiff still was subjected to harassment when John Doe was at the Center. When Plaintiff was in the shower, John Doe repeatedly knocked on the door to ask him his name for the count. John Doe would also wink and smile at Plaintiff.

Later in June 2021, John Doe called Plaintiff to inform him that he was an hour late for his 7:30 PM return time. Plaintiff stated he had a pass for 9:45 PM. John Doe disagreed, and Plaintiff returned to the halfway house by 8:45 PM. Plaintiff told John Doe to call Tiffany, but instead, Doe called a Center supervisor named Randy. Plaintiff informed Randy that he was not supposed to have contact with John Doe, that he would not sign-in with his fingerprint, and that he refused to permit Doe to perform a pat-down.

After Plaintiff left the Center for a cigarette, John Doe informed him that Randy ordered that he not to be permitted to re-enter the Center. Plaintiff was able to force his way into the Center and gain access to his room. He grabbed what he could and left the Center. He had to live on the streets and lost his job. John Doe threw away all of Plaintiff's legal work including the statement Plaintiff made against him.

Plaintiff's complaint indicates that at the time it was filed, he had been in custody for escaping from the federal halfway house. Plaintiff is currently housed at Wyatt Detention Facility.

## II.     LEGAL STANDARD

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, or against an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss a complaint (or any portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## III.    DISCUSSION

Plaintiff alleges constitutional tort claims against John Doe, Tiffany, and Randy. Because Defendants clearly were not acting under color of state law, since they worked at a federal reentry facility, the court construes this as an action for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  To state a valid *Bivens* claim against a federal official in his or her individual capacity, a plaintiff must allege that they have "been deprived of a constitutional right by a federal agent acting under color of federal authority."  *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006).  Here, though, Plaintiff is suing private employees of the Center, which is owned and operated by Community Solutions, Inc. ("CSI"), a nonprofit corporation.  *See Braswell v. Cmty. Sols., Inc.*, No. 3:11-CV-01043 JCH, 2013 WL 663621, at *1 (D. Conn. Feb. 4, 2013) (noting that the Center is a reentry facility in Bloomfield, Connecticut, operated by the nonprofit CSI).  Thus, the court first must determine whether a *Bivens* action is cognizable against these defendants.

Courts employ a two-step inquiry to determine whether to imply a *Bivens* remedy. First, courts ask "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). If not, "federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation." *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 378 (1983).

Here, the court need not go past the first step.  In *Minneci v. Pollard,* 132 S.Ct. 167 (2012), the Supreme Court declined to imply a remedy for damages against private employees working at a federal detention facility for conduct "that typically falls within the scope of traditional state tort law," *Id.* at 626.  The Court reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake."  *Id.* (quoting *Wilkie*, 551 U.S. at 550).

*Minneci* dictates the outcome here.  Connecticut recognizes tort actions for breaches of a duty of care and for misconduct arising from a failure to protect another in the context of a "special relationship of custody or control."  *See, e.g. Murdock v. Croughwell,* 268 Conn. 559 (2004) (recognizing a duty to protect may arise where there is a special relationship of custody or control); *Thomes v. Tuyen Duong*, No. CV055001223S, 2008 WL 901442, at *8 (Conn. Super. Ct. Mar. 12, 2008) ("When a person is taken into custody . . . , that person is owed a duty of care.").  The court therefore finds that state tort claims are adequate to protect Plaintiff's constitutional

interests, and so the court cannot imply a *Bivens* remedy here.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–71 (2001) (declining to extend *Bivens* to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons).

**IV.  CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915A(b).  The court declines to exercise jurisdiction over any state law claims, dismissing them without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED** at Hartford, Connecticut, this 14th day of September, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE